UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-62163-CIV-DIMITROULEAS/SNOW

PENTAIR FILTRATION SOLUTIONS, LLC,
a Delaware Limited Liability Company, and
PENTAIR RESIDENTIAL FILTRATION,
LLC, a Delaware limited liability company,

    Plaintiffs,
vs.

SUPERIOR WATER SYSTEMS CO. INC, a
Florida Corporation, d/b/a SUPERWATER and
JACQUES HARRIS LOBATO, individually,

    Defendants.
_____/

## ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COUNTERCLAIM

THIS CAUSE is before the Court upon Counter-Plaintiff's Motion for Leave to File Amended Counterclaim (the "Motion") [DE 77], filed herein on December 31, 2013. The Court has carefully considered the Motion [DE 77], the Response [DE 79], and the Reply [DE 82] and is otherwise fully advised in the premises.

Rule 15 of the Federal Rules of Civil Procedure (the "Rules") specifies that leave to amend should be freely granted when justice so requires. *See* Fed. R. Civ. P. 15(a)(2). "The Supreme Court has held that, in the absence of a reason like 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.,' the leave sought should be 'freely given.'" *McLaughlin v. Pasco Cnty. Sheriff's Office*, 510 F. App'x 880, 882 (11th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, the Court had previously granted Counter-Plaintiff leave to file an amended

counterclaim.  *See* [DE 66].    Counter-Plaintiff did not amend at that time and has not provided any adequate explanation for its failure to do so.   Nevertheless, by failing to amend pursuant to the Court's leave, Counter-Plaintiff did not waive its right to subsequently seek leave to file an amended counterclaim.

The Court finds that Counter-Plaintiff should be granted leave to amend. Counter-Plaintiffs have sought leave well in advance of the March 27, 2014, deadline set in the Court's Scheduling Order [DE 41].   Moreover, an amended counterclaim will not be futile or cause undue prejudice, and the delay does not appear to reflect any bad faith or dilatory tactics.   In sum, justice would be better served by allowing the requested amendment.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion [DE 77] is hereby **GRANTED**; and
2. Counter-Plaintiff shall separately electronically file the amended counterclaim on the docket.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 24th day of January, 2014.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of record