UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-62163-CIV-DIMITROULEAS/SNOW

PENTAIR FILTRATION SOLUTIONS, LLC,
a Delaware Limited Liability Company, and
PENTAIR RESIDENTIAL FILTRATION,
LLC, a Delaware limited liability company,

    Plaintiffs,

vs.

SUPERIOR WATER SYSTEMS CO. INC., a
Florida Corporation, d/b/a/ SUPERWATER and
JACQUES HARRIS LOBATO, individually,

    Defendants.
_____/

## CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION

Plaintiffs, PENTAIR FILTRATION SOLUTIONS, LLC and PENTAIR RESIDENTIAL FILTRATION, LLC (collectively, "Pentair") and Defendants, SUPERIOR WATER SYSTEMS CO. INC. and JACQUES HARRIS LOBATO (collectively, "Superwater"), having so stipulated to the following, and the Court being duly advised:

UPON CONSIDERATION of the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Consent Final Judgment and Permanent Injunction.

Pentair seeks a permanent injunction against Superwater under the Lanham Act to prevent trademark infringement. To receive a permanent injunction, Pentair must demonstrate that (1) it has suffered an irreparable injury; (2) remedies at law are inadequate to compensate for that injury; (3) considering the balance of hardships between Pentair and Superwater, a remedy in equity is warranted, and (4) the public interest would not be disserved by a permanent injunction. Ebay Inc., v. Mercexchange, L. L. C., 547 U.S. 388, 391 (2006). Pentair has met all

1

of the above elements. Specifically, Pentair has presented evidence in the form of affidavits and exhibits showing that Superwater has infringed the following trademarks owned by Pentair: United States Registration Number 3,195,599 for the trademark "EVERPURE®" and United States Registration Number 1,147,115 for the stylized trademark "EVERPURE®" (collectively "the Marks"). Without the entry of an injunction preventing Superwater from unauthorized use of the Marks, Pentair will lose its ability to control the nature and quality of the goods provided under the Marks. There is no other adequate remedy to halt Superwater's unauthorized use of the Marks. Further, the balance of the hardships favors Pentair because the goodwill associated with the Marks will be significantly eroded if Superwater are permitted to continue using Pentair's marks without authorization. An injunction against Superwater's use of the Marks will serve the public interest because the public deserves not to be led astray by the use of inevitably confusing marks.

For the above reasons and as set forth in greater detail in the Court's Order Granting Motion for Preliminary Injunction [D.E. 60], the permanent injunction is granted.

Thus, pursuant to Federal Rule of Civil Procedure 65, and the provisions of 15 U.S.C. § 1116, it is hereby **ORDERED AND ADJUDGED** that:

1. Superwater, their officers, agents, servants, employees, representatives, attorneys, successors and assigns, are permanently restrained and enjoined from:

    a. Making unlawful, illegal, and/or infringing use of Pentair's registered trademarks, including without limitation, the Marks;

    b. Manufacturing, importing, producing, distributing, circulation, selling, offering for sale, advertising, promoting, or displaying any out-of-box, do-

                it-yourself, or otherwise materially altered or unauthorized version of Pentair's products, sets, or systems;

    c.    Engaging in any other unlawful conduct with respect to Pentair's registered trademarks; and

    d.    Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in Paragraphs (1)(a) through (1)(c) above;

2.    Superwater shall deliver to Pentair's attorneys within forty-five (45) days after issuance of this Consent Final Judgment, to be impounded or destroyed by Pentair, all signs, labels, catalogues, packages, wrappers and advertisements for any out-of-box, do-it-yourself, or otherwise materially altered or unauthorized version of Pentair's products, sets, or systems bearing the Marks or any reproduction, counterfeit, copy of colorable imitation thereof.

3.    Within sixty (60) days after issuance of this Consent Final Judgment, Superwater and each of them shall file with the Clerk of this Court and serve on Superwater, a report in writing, under oath, setting forth in detail the manner and form in which each Defendant has complied with the foregoing Consent Final Judgment.

The Court hereby reserves jurisdiction to enforce this Consent Final Judgment and/or the Settlement Agreement executed by Pentair and Superwater.

The Clerk shall close this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 19th day of March, 2014.

*/s/ William P. Dimitrouleas*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of Record